## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERBERT APONTE,<br>          **Petitioner** | : | **No. 3:09cv1713** |
| | : | |
| v. | : | **(Judge Munley)** |
| | : | |
| COMMONWEALTH OF<br>PENNSYLVANIA and<br>MONROE COUNTY DISTRICT<br>ATTORNEY,<br>          **Respondents** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM</u>

Before the court for disposition is Herbert Aponte's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The matter has been fully briefed and is ripe for disposition.

**Background**

After a one-day trial on January 4, 2007, a Monroe County Pennsylvania Court of Common Pleas jury found Petitioner Herbert Aponte guilty of "Accidents Involving Damage to Attended Vehicle" a misdemeanor of the third degree. (Respondent Ex. 1, Doc. 10-2, Notes of Trial Testimony, Jan. 4, 2007 at 137). The court sentenced petitioner to an aggregate prison term of one (1) month to twelve (12) months. (Doc. 1, Habeas Corpus Petition, ¶ 3; Doc. 10-2, Amended PCRA petition at ¶ 7). At sentencing, the court granted the petitioner immediate parole. Petitioner's maximum prison date expired on November 24, 2007. (Doc. 10, Response to Habeas Corpus Petition at 6). He is no longer on parole or probation. (<u>Id.</u>)

Petitioner did not appeal his conviction; he did, however, file a motion under the Pennsylvania Post Conviction Relief Act (hereinafter "PCRA")

with the county court.  (Doc. 4, Supplemental Petition at ¶ 9(a)-9(b)).[1]  His PCRA motion claimed that the evidence did not support his conviction in that the jury convicted him of a "hit and run" but no damage to his automobile consistent with such an accident could be proven. (Id. at 9(d)). The court dismissed this petition on January 22, 2008.   (Doc. 4, Petitioner's Exhibits at 47).  Defendant moved for a stay and vacatur of the denial of the PCRA petition.  The court denied this motion on March 24, 2008.  (Id. at 49).  Petitioner then appealed the denial of his PCRA petition to the Pennsylvania Superior Court.  (Doc. 4, Petitioner's Supplement at ¶ 9(c)).  The Superior Court quashed petitioner's PCRA petition as untimely on December 4, 2008.  (Doc. 10, Response to Habeas Corpus Petition at 5).

Petitioner then filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court issued petitioner a notice of election pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  (Doc. 3).  We indicated that the petitioner could withdraw his petition and file one all-inclusive 2254 petition within the applicable statute of limitations or proceed with the 2254 petition as filed.  (Doc. 3).  We indicated that a failure to file the notice of election within forty-five (45) days would result in the court ruling on the petition as filed.  (Id.)  Petitioner failed to respond to the notice of election.  We thus ordered the respondents to respond to the petition as filed.  (Doc. 7).  We allowed petitioner twenty (20) days from the date of the response to file a reply thereto.  (Id.)  Respondents filed their

---

[1]Petitioner filed his initial PCRA petition *pro se* on August 31, 2007. (Doc. 10-2, Amended PCRA petition).  In December 2007, with the assistance of counsel, he filed an amended PCRA petition.  (Id. at 144-151).

response on January 22, 2010. (Doc. 10). Petitioner did not file a reply, and the time for such filing is passed. Therefore, the matter is ripe for disposition.

**Discussion**

The respondents raise two arguments in response to the petition for a writ of habeas corpus. We will address them separately.

**1. In custody requirement**

Respondents' first argument deals with the requirement that a petitioner must be "in custody" for a district court to have jurisdiction over his habeas corpus claim. Section 2254 provides that a district court may entertain an application for a writ of habeas corpus of a person "in custody" pursuant to the judgment of State court in certain instances. The court is without jurisdiction to address such a habeas corpus petition if the petitioner is not in custody at the time that the petition is filed. Maleng v. Cook, 490 U.S. 488, 490-491 (1989); see also Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir.2003) ("[F]or a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed."). "Custody" refers to both physical confinement and limitations placed on defendant's liberty during parole. Id. at 491.

In the instant case, respondents argue that the petitioner was not in custody at the time he filed the instant habeas corpus petition. The court sentenced him to one (1) to twelve (12) months on January 22, 2007. The government asserts, and the petitioner does not contest, that after credits were provided to him, his maximum sentence expired on November 24, 2007. At that point, he was not in prison, and not on parole or probation.

3

In other words, he was not in custody for purposes of a section 2254 motion after November 24, 2007. Petitioner filed the instant case on September 2009, nearly two years after he had been released from all custody. Respondents thus argue that the court has no jurisdiction over the instant habeas corpus petition. After a careful review, we disagree with this argument.

After a prisoner's imprisonment has ended, a district court may still entertain a habeas corpus petition if the prisoner can establish a concrete continuing injury, some "collateral consequence" of the conviction. Spencer v. Kemna, 523 U.S. 1, 7-8 (1998). Where a petitioner challenges a criminal conviction collateral consequences may be presumed. Id. at 8; Leyva v. Williams, 504 F.3d 357, 363 (3d Cir.2007) (the court may presume "collateral consequences" when a criminal conviction is challenged"). Here, the petitioner challenges a criminal conviction. Therefore, we presume collateral consequences, and we have jurisdiction despite the fact that the plaintiff is no longer imprisoned, on parole or on probation.

### 2. Exhaustion of state court remedies

Respondents' second argument deals with the exhaustion of state court remedies. Section 2254 prohibits a district court from granting habeas corpus relief unless the applicant has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). Respondents argue that petitioner has failed to exhaust his state court remedies; and therefore, we should deny the petition for a writ of habeas corpus.

In order to exhaust his claims, a petitioner must fairly present them to the highest state court. Lines v. Larkins, 208 F.3d 153, 160 (3d Cir.

2000). "The exhaustion requirement ensures that state courts have the first opportunity to review convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 856 (3d Cir. 1992). The petitioner bears the burden of establishing exhaustion of his state court remedies. Id.

In the instant case, it is uncontested that the petitioner did not take a direct appeal of his petition. He did, however, file a PCRA petition. The trial court dismissed it for petitioner's failure to appear. (Doc. 10-2). Petitioner appealed this dismissal to the Pennsylvania Superior Court, which quashed the appeal as untimely on December 4, 2008. (Doc. 10, Response to Habeas Corpus Petition at 5). Petitioner did not appeal this dismissal to the Pennsylvania Supreme Court. Thus, petitioner has not exhausted his state court remedies.

Normally, when a claim is not exhausted, the court will dismiss the petition without prejudice and allow the petitioner to return to state court and exhaust. Lines v. Larkins, 208 F.3d 153, 159-60 (3d Cir. 2000). Here, however, the time for filing an appeal of the Superior Court's denial of petitioner's PCRA petition has passed.[2] Thus, he is barred from presenting his issues to the state Supreme Court, and they are deemed "procedurally defaulted". Id. at 160. Because the petitioner has procedurally defaulted on his claims, they are considered exhausted. Id. at 7.

---

[2]The Superior Court dismissed petitioner's appeal on December 4, 2008, and he never appealed to the Pennsylvania Supreme Court. A petition for review in the Pennsylvania Supreme Court must be filed within thirty (30) days from the date of the order sought to be appealed. PA. R. APP. PROC. 1113(a). The time for filing a petition for review has thus expired.

Procedurally defaulted claims, although considered exhausted, will not be considered in federal district court unless the petitioner establishes "cause and prejudice" or a "fundamental miscarriage of justice" to excuse the default. Id. Here the petitioner has not addressed "cause and prejudice" or a "fundamental miscarriage of justice." In fact, he made no reply at all to the response filed by the government. We will thus deny the petition for a writ of habeas corpus. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HERBERT APONTE,** | : | No. 3:09cv1713 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA and** | : | |
| **MONROE COUNTY DISTRICT** | : | |
| **ATTORNEY,** | : | |
| Respondents | : | |

## ORDER

**AND NOW**, to wit, this 20th day of May 2010, Herbert Aponte's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby **DENIED**. Based upon the reasoning in the accompanying memorandum, we decline to issue a certificate of appealability. See 28 U.S.C. § 2253(c) and and 3d Cir. LAR. 22. The Clerk of Court is directed to close this case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**